UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) TATEN JOSEPH DUCHENEAUX, (2) TARYN PETER DUCHENEAUX, (3) PEYTON JAMES JEWETT,<br><br>Defendant. | 3:23-CR-30005-RAL<br><br><br>OPINION AND ORDER ON MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES |

The United States indicted these Defendants in a two-count indictment. Doc. 1-1. Defendants Taten Joseph Ducheneaux, Taryn Peter Ducheneaux, and Peyton James Jewett have pled not guilty and are set to be tried together during the week of September 11, 2023. Docs. 13, 17, 31, 101. Each Defendant has been appointed separate counsel. Docs. 16, 21, 39. Defendant Taten Joseph Ducheneaux's counsel filed a letter with this Court on September 1, 2023, requesting additional preemptory challenges for Defendants. Doc. 107.

Federal Rule of Criminal Procedure 24(b)(2) governs peremptory challenges:

> (b) Peremptory challenges. Each side is entitled to the number of peremptory challenges to prospective jurors specified below. The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.
>
> . . .
>
> (2) Other Felony Case. The government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when

>the defendant is charged with a crime punishable by imprisonment of more than one year.

Rule 24(b)(4)(A) grants each side an additional peremptory challenge when one or two alternate jurors are picked. Beyond that "[w]hether to grant additional peremptory challenges beyond those specified under Rule 24(b)(2) is committed to the sound discretion of the trial court." United States v. Garrett, No. 3:21-CR-30091-RAL, 2022 WL 9997371, at *1 (D.S.D. Oct. 17, 2022) (citing United States v. Cartwright, 528 F.2d 168, 175 (7th Cir. 1975)). "This Court has granted additional challenges per defendant previously when the defendants are not closely related and are separately represented." Id. (citing United States v. Lone Eagle, 15-CR-30050-RAL, Doc. 89; United States v. Colombe, 18-CR-30013-RAL). This Court has also denied the request for additional challenges." Id.; see also United States v. Waloke, 16-CR-30148-RAL (denying additional preemptory challenges to husband and wife defendants with similar defenses but separately represented).

This Court's local rules require "[i]n multi-defendant cases, a request by a defendant for additional peremptory challenges [to] be made in writing at least 14 calendar days before jury selection." D.S.D. Crim. LR 24.1. Defendant Taten Joseph Ducheneaux's counsel filed his request on September 1, 2023, with jury selection scheduled to begin on September 12, 2023. Docs. 101, 107. Although this is not "at least 14 calendar days before jury selection," the request is in time for this Court to consider at the pretrial conference and motion hearing when it will have a better idea of how many jurors already summonsed are not excused and are likely to report.

This Court will defer deciding whether to grant any additional peremptory challenges to Defendants until the pretrial conference and motion hearing. "If this Court does grant any additional peremptory challenges, it likely will be no more than one more per defendant and possibly contingent on the Defendants agreeing that, in fairness, the Government receive at least one additional peremptory challenge." United States v. Waln, No. 3:17-CR-30004-RAL, 2017 WL 6550677, at *1 (D.S.D. Dec. 22, 2017) (citing United States v. Tucker, 526 F.2d 279, 283 (5th Cir. 1976) (upholding the conditioning of grant of additional defense peremptory challenges on allowing government additional peremptory challenges)).

DATED this __6__ th day of September, 2023.

                                           BY THE COURT:

                                           _____
                                           ROBERTO A. LANGE
                                           CHIEF JUDGE